# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3782 | **DATE** | 10/14/2004 |
| **CASE TITLE** | American Casualty vs. Filco | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 01/06/05 at 9:00 a.m. For the reasons stated in the attached memorandum opinion, defendants' motion to dismiss [6-1] or in the alternative to stay [6-2] or transfer [6-3] are denied. Plaintiff's expert disclosures and reports are to be submitted to defendants by 11/15/04. Defendants expert disclosures and reports are to be submitted to the plaintiff by 11/22/04. All discovery is to be completed by 01/14/05. Dispositive motions with supporting memoranda are to be filed by 02/14/05. Responses to the dispositive motions, if any, are to be filed by 02/28/05 and replies, if any, are to be filed by 03/07/05. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | OCT 15 2004 | date docketed | 17 |
| ✓ | Docketing to mail notices. Distributed Memorandum Opinion in open Court. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 2004 OCT 15 AM 8:23 | date mailed notice | |
| MW6 courtroom deputy's initials | | FILED | mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, CONTINENTAL CASUALTY COMPANY, TRANSCONTINENTAL INSURANCE COMPANY, TRANSPORTATION INSURANCE COMPANY and VALLEY FORGE INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | DOCKETED OCT 15 2004 |
| v. | ) ) ) | No. 04 C 3782 |
| FILCO d/b/a IDEAL UNIFORM RENTAL SERVICES (a/k/a FILCO, INC. d/b/a IDEAL UNIFORM SERVICES), PROGRESS LINEN d/b/a FILCO LTD., and QUALATEX d/b/a FILCO, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss or in the alternative to stay or transfer. For the reasons stated below we deny all of Defendants' motions.

1

## BACKGROUND

Defendants operated a laundry facility starting in 1986. In 1998 Defendant Filco sold the site to Defendant Progress Linen. In 2001 Filco was anticipating redeveloping the property that was then idle. Filco alleges that it voluntarily undertook an environmental evaluation of the property and perchloreoethylene, a chemical used in dry cleaning, was discovered in the soil on the property. Filco alleges that after an initial evaluation, Filco paid for follow-up studies and took investigation measures such as the installation of monitoring wells and further soil borings. Filco claims that the costs associated with the soil contamination are covered under insurance policies issued by Plaintiffs. Plaintiffs brought the instant action in Illinois state court. In Count I Plaintiffs seek a declaration that they have no duty to defend Filco because there is no suit relating to the soil contamination. In Count II Plaintiffs seek a declaration that the soil contamination costs are not covered under the policies at issue because pollution exclusions apply. In Count III Plaintiffs seek a declaration that the costs associated with the removal of pollutants are not covered under the pertinent policies. In Count IV Plaintiffs seek a declaration that there is no duty to indemnify Filco for actions voluntarily taken on its part. In Count V Plaintiffs seek a declaration of rights and liabilities under certain missing and declined insurance contracts. Finally, in Count VI Plaintiffs seek a declaration that there is no coverage under the insurance contracts that do not insure the contaminated site. Filco subsequently removed the instant action to

## BACKGROUND

Defendants operated a laundry facility starting in 1986. In 1998 Defendant Filco sold the site to Defendant Progress Linen. In 2001 Filco was anticipating redeveloping the property that was then idle. Filco alleges that it voluntarily undertook an environmental evaluation of the property and perchloreoethylene, a chemical used in dry cleaning, was discovered in the soil on the property. Filco alleges that after an initial evaluation, Filco paid for follow-up studies and took investigation measures such as the installation of monitoring wells and further soil borings. Filco claims that the costs associated with the soil contamination are covered under insurance policies issued by Plaintiffs. Plaintiffs brought the instant action in Illinois state court. In Count I Plaintiffs seek a declaration that they have no duty to defend Filco because there is no suit relating to the soil contamination. In Count II Plaintiffs seek a declaration that the soil contamination costs are not covered under the policies at issue because pollution exclusions apply. In Count III Plaintiffs seek a declaration that the costs associated with the removal of pollutants are not covered under the pertinent policies. In Count IV Plaintiffs seek a declaration that there is no duty to indemnify Filco for actions voluntarily taken on its part. In Count V Plaintiffs seek a declaration of rights and liabilities under certain missing and declined insurance contracts. Finally, in Count VI Plaintiffs seek a declaration that there is no coverage under the insurance contracts that do not insure the contaminated site. Filco subsequently removed the instant action to

federal court.

## LEGAL STANDARDS

A district court may transfer an action to another district where the action might have been brought pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, [if it is] in the interest of justice . . . ." 28 U.S.C. § 1404(a). A federal court has "discretion to decline to hear a declaratory judgment action, even though it is within [the court's] jurisdiction." *Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 747 (7th Cir. 1987).

## DISCUSSION

### I. Motion to Transfer

Defendants request that this court transfer this action to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a). In order to transfer a case the transferor court must first find that: 1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)(stating that a court "in which suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and 2) venue is proper in the transferee district, *see* 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought"). We find that venue is technically proper in the Northern District of Illinois, where some of the events at issue occurred, and in the Southern District of

Indiana, where Filco has filed an action that addresses other related claims as well.

If venue is proper in both the transferor and transferee district, the transferor court should then consider: 1) the choice of forum by plaintiff, *Federal Deposit Ins. Corp. v. Citizens Bank and Trust Co. of Park Ridge, Ill*, 592 F.2d 364, 368 (7th Cir. 1979), 2) the convenience of the parties, *Coffey*, 796 F.2d at 220 n.3, 3) the convenience of the witnesses, *Id.* and 4) the interest of justice. *Id.* The movant bears the burden of establishing that the transferee district is "clearly more convenient." *Id.* at 219-20.

In considering whether to transfer an action the court should "give some weight to the plaintiff's choice of forum." *Federal Deposit Ins. Corp.*, 592 F.2d at 368; *see also Heller Financial, Inc. v. Midwhey Powder Co., Inc*, 883 F.2d 1286, 1294 (7th Cir. 1989)(stating that "some weight must be given to [a plaintiff's] choice of forum"). A transfer pursuant to 28 U.S.C. § 1404(a) should not merely "shift the convenience from one party to another," and the choice of a forum by a plaintiff should not be "lightly . . . disturbed." *Warshawsky & Co v. Arcata Nat'l Corp*, 552 F.2d 1257, 1259 (7th Cir. 1977); *see also Heller Financial, Inc.*, 883 F.2d at 1294(expressing concern that a transfer would merely shift the inconvenience to the plaintiff). However, whenever the plaintiff and defendant are in different states, there will inevitably be an inconvenience to one side. *In re National Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). When the potential inconvenience to the plaintiff and defendant are comparable "the tie is awarded to the plaintiff . . . ." *Id.*;

*see also Heston v. Equifax Credit Info. Servs. LLC,* 2003 WL 22243986, at *1 (N.D. Ill. 2003)(stating that plaintiff's choice of forum is given less weight if the case has no "significant connection to the chosen forum . . . .").

In addressing the interest of justice factor a court may consider: 1) whether a transfer promotes the "efficient administration of justice," 2) whether the action could be consolidated with other actions in the transferee district, 3) whether the judges in the transferee district are more familiar with the pertinent state law, 4) whether jurors in a particular district have a "financial interest in [the] case," and 5) which district would have jurors that could "best apply community standards." *Coffey*, 796 F.2d at 220-21, 221 n.4. The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National Presto Indus., Inc.*, 347 F.3d at 663. In addressing the interest of justice factor the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim. *Id.*

### A. Plaintiffs' Choice of Forum

Plaintiffs argue that their choice of forum is entitled to deference. Defendants attempt to twist the law and contend that its choice of forum is entitled to deference because it is the "true" plaintiff in this controversy. We disagree. It is the plaintiff's choice of forum that is entitled to deference. In order to pursue a declaratory

5

judgment a plaintiff must show that "the feared lawsuit from the other party is immediate and real, rather than merely speculative." *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002). Plaintiffs have shown that the instant action was brought based on a real and immediate necessity to address the duties owed by Plaintiffs to Defendants. Defendants cannot be deemed the natural plaintiffs in the controversy between the parties. One reason for our conclusion is that Illinois law encourages an insurer to seek guidance concerning its duties owed to its insured. Under Illinois law an insurer who has received a request to defend an insured can: "(1) seek a declaratory judgment regarding its obligations before or pending trial of the underlying action, (2) defend the insured under a reservation of rights, or (3) refuse either to defend or to seek a declaratory judgment at the insurer's peril that it might later be found to have breached its duty to defend." *LaSalle Nat. Trust, N.A. v. Schaffner*, 818 F.Supp. 1161, 1166-67 (N.D. Ill.1993). If an insurer does not obtain a prompt declaration regarding its duty to defend and if it is subsequently found that the insurer violated its duty to defend the insured, the insurer "is estopped to deny policy coverage in a subsequent lawsuit by the insured. . . ."*Id.* (quoting *Maneikis v. St. Paul Ins. Co. of Illinois*, 655 F.2d 818, 821 (7th Cir.1981)). We find no evidence that Plaintiffs engaged in a "race to the courthouse" as Defendants suggest. Plaintiffs appropriately brought the instant action to resolve the issues concerning the duty to defend and the duty to indemnify. Plaintiffs' choice of forum is entitled to deference.

### B. Convenience of the Parties and Witnesses

Defendants argue that the convenience of the parties would be better served if the action was in Indiana. Defendants argue that the negotiation and purchase of the insurance policies at issue occurred in Indiana. Defendants also contend that their headquarters, environmental consultant, witnesses, and certain potential evidence is located in Indiana. Defendants also argue that Plaintiffs are incorporated in multiple states and the claims handler at issue is located in New Jersey and thus, Indiana would not be more inconvenient to Plaintiffs than Illinois. However, Defendants acknowledge that Plaintiffs are incorporated in Illinois, Plaintiffs' headquarters are located in Illinois, and at least one of Plaintiffs' claim handlers is located in Illinois. (Mem. 14). Plaintiffs argue that the contaminated property at issue is located in Niles, Illinois. We find that the convenience of the parties and witnesses would be better served if the case were to remain in Illinois.

### C. Interest of Justice

Plaintiffs argue that the interest of justice will not be served by a transfer because the instant action will become drawn into the larger action in Indiana concerning unrelated issues. Plaintiffs also argue that there is a strong interest in resolving disputes concerning matters that occurred in Illinois. We agree. The

7

property that is contaminated, that is at the very heart of this instant action, is located in Illinois. Concerns regarding insurance coverage and the defense presented by Defendants are of importance to the Illinois public who has an interest in ensuring that the contamination issue is properly addressed. Also, there is a strong interest in maintaining an action dealing with the rights of an Illinois property owner and an Illinois insurance provider in the Illinois courts. Defendants also argue that by transferring the instant action to Indiana, the case can be consolidated with other insurance actions being brought by Defendants against Plaintiffs. However, Plaintiffs argue in their answer brief that the actions filed in Indiana concern separate facilities and concern separate policies from those involved in the instant action. Plaintiffs contend that there are no common facts that will be at issue in regards to the Indiana actions and the instant action. Defendants have not contested Plaintiffs' arguments. Although we gave Defendants an opportunity to file a reply brief, Defendants failed to do so. We agree that each property will have separate facts concerning contamination and each policy will have a separate set of issues and surrounding facts to address. It may be ideal for Defendants to consolidate all of their cases in Indiana. However, such a result would not promote the interest of justice. We find that a transfer would not serve the interest of judicial economy and would not result in the efficient administration of justice. We therefore find that the interest of justice factor weighs in favor of Plaintiffs. Therefore, in light of the fact that all of the above factors weigh in favor of Plaintiffs, we deny the motion to

transfer.

II. Motion to Dismiss and Motion to Stay

Defendants ask in the alternative that we decline to exercise jurisdiction in this action. As indicated above, a federal court has "discretion to decline to hear a declaratory judgment action, even though it is within [the court's] jurisdiction." *Tempco Elec. Heater Corp.*, 819 F.2d at 747; *see also North Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 647 (7th Cir. 1998)(stating that "district courts should decline to hear declaratory judgment actions that have been filed in an attempt to manipulate the judicial process."). We do not find that Plaintiffs have unscrupulously attempted to manipulate this action and we do not agree that, in regards to the specific controversies between Plaintiffs and Defendants involving insurance contracts, that Defendants are the only natural plaintiffs. There is no indication that Plaintiffs attempted to engage in a "race to the courthouse." Plaintiffs had legitimate concerns regarding their duties owed to Defendants that needed to be addressed promptly and although Defendants have filed their own action in Indiana, the other claims lack a nexus with the claims in the instant action other than the names of the parties in the actions. We shall not decline to exercise jurisdiction in this action and therefore, we deny Defendants' motion to dismiss. *See GNB Battery Techs., Inc. v. Gould, Inc.*, 65 F.3d 615, 620 (7th Cir. 1995)(stating that district courts "have an obligation to decide cases that are within their jurisdiction."). Defendants

9

also requests that we stay the instant action until the "Indiana Damages Action" is concluded. Defendants have not provided sufficient reason to justify a stay. We are obligated to maintain our own dockets and promote the efficient and orderly resolution of proceedings before us. Therefore, we deny Defendants' motion to stay.

## CONCLUSION

Based on the foregoing analysis, we deny Defendants' motion to transfer, deny Defendants' motion to dismiss, and deny Defendants' motion to stay.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 14, 2004