IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, CONTINENTAL CASUALTY COMPANY, TRANSCONTINENTAL INSURANCE COMPANY, TRANSPORTATION INSURANCE COMPANY and VALLEY FORGE INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> FILCO d/b/a IDEAL UNIFORM RENTAL SERVICES (a/k/a FILCO, INC. d/b/a IDEAL UNIFORM SERVICES), PROGRESS LINEN d/b/a FILCO LTD., and QUALATEX d/b/a FILCO, INC., <br><br> Defendants. | No. 04 C 3782 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' motion to dismiss Counts I and IV of Defendants' ("Filco") counterclaim and on Plaintiffs' motion to strike Filco's second and third affirmative defenses. For the reasons stated below, we grant

1

Plaintiffs' motion to dismiss and we deny without prejudice Plaintiffs' motion to strike.

## BACKGROUND

In 2001, Filco decided to redevelop an idle piece of property which had formerly been operated as a laundry facility. Filco alleges that after it voluntarily undertook an environmental evaluation of the property, perchloreoethylene, a chemical used in dry cleaning, was discovered in the soil on the property. Filco alleges that after an initial evaluation, it paid for follow-up studies and investigation measures such as the installation of monitoring wells and soil borings. Filco claims that the costs associated with the soil contamination are covered under insurance policies issued by Plaintiffs.

In Count I, Plaintiffs seek a declaration that they have no duty to defend Filco because there is no suit relating to the soil contamination. In Count II, Plaintiffs seek a declaration that the soil contamination costs are not covered under the policies at issue because pollution exclusions apply. In Count III, Plaintiffs seek a declaration that the costs associated with the removal of pollutants are not covered under the pertinent policies. In Count IV, Plaintiffs seek a declaration that there is no duty to indemnify Filco for actions voluntarily taken on their part. In Count V, Plaintiffs seek a declaration of rights and liabilities under certain missing and declined insurance contracts. Finally, in Count VI, Plaintiffs seek a declaration that

there is no coverage under the insurance contracts. Plaintiffs filed the instant action in Illinois state court and Filco subsequently removed this action to federal court.

## DISCUSSION

I. Duplicative Claims

Plaintiffs argue that Counts I and IV of Filco's counterclaims are duplicative. After Plaintiffs filed the instant action, Filco filed another action against Plaintiffs in the Southern District of Indiana ("Indiana action") regarding insurance coverage for contaminated sites in Indiana. Filco previously moved to transfer the instant action to the Southern District of Indiana or in the alternative to dismiss or stay the instant action in light of the Indiana action. On October 14, 2004, we denied Filco's motion to transfer, dismiss, or stay.

Plaintiffs argue that Filco's counterclaims in the instant action are merely an attempt by Filco to add Filco's claims in the Indiana action to the instant action. Plaintiffs argue that since these counterclaims are currently being addressed in the Southern District of Indiana, we should dismiss the counterclaims as duplicative. Generally, a district court may dismiss an action if the action "is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)(quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F.Supp. 1210, 1213 (N.D. Ill. 1983)).

Filco argues that, in filing its counterclaims, it is merely attempting to do what

3

Plaintiffs were allowed to do when the court denied Filco's motion to dismiss, stay, or transfer. Filco argues that Plaintiffs have been allowed to litigate the same claims in both the Indiana action and the instant action and therefore, Filco should be allowed to do so as well. First of all, Filco is mistaken when it asserts that Plaintiffs have been allowed to simultaneously litigate claims in the instant action and the Indiana action. Had Filco presented sufficient evidence to the court along with Filco's prior motion to dismiss, stay, or transfer, a dismissal or transfer would have been warranted. However, as explained in our prior ruling, the evidence and arguments presented by Filco were insufficient to warrant granting Filco's motion to dismiss, stay, or transfer. We agree with Plaintiffs that, based upon the evidence presented at this juncture, Counts I and IV of Filco's counterclaims are redundant claims that are being addressed in the Southern District of Indiana. Therefore, we grant Plaintiffs' motion to dismiss Counts I and IV of Filco's counterclaims.

II. Affirmative Defenses

Plaintiffs move to strike Filco's second and third affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f) which provides the following:

> f) Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f). Filco's second affirmative defense states that this court should decline to exercise discretionary jurisdiction over this declaratory judgment action because there is a more comprehensive action underway in the Southern District of Indiana. Filco's third affirmative defense states that this court should transfer this action to the Southern District of Indiana to be consolidated with the Indiana action. Plaintiffs correctly point out that both affirmative defenses relate to arguments that were previously rejected by this court when the court denied Filco's motion to dismiss, stay, or transfer. Filco concedes that the court has already addressed the issues presented in the affirmative defenses. However, Filco argues that it is premature to strike the affirmative defenses. Specifically, Filco argues that as the instant action and the Indiana action progress, Filco could renew its motion to dismiss, stay, or transfer and this court could possibly grant the motion based upon new developments in the Indiana action. We agree. Therefore, we deny Plaintiffs' motion to strike without prejudice.

In addition, based upon representations made by Filco in its response to Plaintiffs' motion to strike and its sur-reply, we deem it proper at this juncture to grant Filco leave to file a renewed motion to transfer. Such leave will provide Filco with an opportunity to provide evidence that was either not available or was simply absent from Filco's prior motion. Filco will also have the opportunity to update the court as to the status of the Indiana action. If Filco decides to file a motion to transfer, Filco must file the motion by April 11, 2005. The answer will be due on

April 25, 2005, and the reply will be due on May 6, 2005. The next status hearing will be set for May 31, 2005, at 9:00 a.m.

## CONCLUSION

Based on the foregoing analysis, we grant Plaintiffs' motion to dismiss Counts I and IV of Filco's counterclaims and we deny without prejudice Plaintiffs' motion to strike Filco's second and third affirmative defenses.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 21, 2005