IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, CONTINENTAL CASUALTY COMPANY, TRANSCONTINENTAL INSURANCE COMPANY, TRANSPORTATION INSURANCE COMPANY and VALLEY FORGE INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 04 C 3782 |
| FILCO d/b/a IDEAL UNIFORM RENTAL SERVICES (a/k/a FILCO, INC. d/b/a IDEAL UNIFORM SERVICES), PROGRESS LINEN d/b/a FILCO LTD., and QUALATEX d/b/a FILCO, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' ("Filco") motion to transfer the instant action to the Southern District of Indiana. For the reasons stated below, we grant Filco's motion.

1

## BACKGROUND

In 2001, Filco decided to redevelop an idle piece of property which had formerly been operated as a laundry facility. Filco alleges that after it voluntarily undertook an environmental evaluation of the property, perchloreoethylene, a chemical used in dry cleaning, was discovered in the soil on the property. Filco alleges that after an initial evaluation, it paid for follow-up studies and investigation measures such as the installation of monitoring wells and soil borings. Filco claims that the costs associated with the soil contamination are covered under insurance policies issued by Plaintiffs.

Plaintiffs filed the instant action in Illinois state court and Filco subsequently removed this action to federal court. In Count I, Plaintiffs seek a declaration that they have no duty to defend Filco because there is no suit relating to the soil contamination. In Count II, Plaintiffs seek a declaration that the soil contamination costs are not covered under the policies at issue because pollution exclusions apply. In Count III, Plaintiffs seek a declaration that the costs associated with the removal of pollutants are not covered under the pertinent policies. In Count IV, Plaintiffs seek a declaration that there is no duty to indemnify Filco for actions voluntarily taken on their part. In Count V, Plaintiffs seek a declaration of rights and liabilities under certain missing and declined insurance contracts. In Count VI, Plaintiffs seek a declaration that there is no coverage under the insurance contracts.

After Plaintiffs filed the instant action, Filco filed an action against Plaintiffs

in the Southern District of Indiana ("Indiana action") regarding insurance coverage for contaminated sites in Indiana. Filco alleges that the instant action and Indiana action involve the same parties, claims, and issues. Filco previously filed a motion requesting that this court transfer the instant action to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a). We denied Filco's motion to transfer at that juncture, but on March 21, 2005 granted Filco leave to file a renewed motion to transfer this action to the Southern District of Indiana based on representations made by Filco regarding the status of the Indiana action.

## LEGAL STANDARDS

A district court may transfer an action to another district where the action might have been brought pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, [if it is] in the interest of justice . . . ." 28 U.S.C. § 1404(a). A federal court has "discretion to decline to hear a declaratory judgment action, even though it is within [the court's] jurisdiction." *Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 747 (7th Cir. 1987).

In order to transfer a case, the transferor court must first find that: 1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)(stating that a court "in which suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and 2) venue is proper in the transferee

district, *see* 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought").

If venue is proper in both the transferor and transferee district, the transferor court should then consider: 1) the choice of forum by plaintiff, *Federal Deposit Ins. Corp. v. Citizens Bank and Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979), 2) the convenience of the parties, *Coffey*, 796 F.2d at 220 n.3, 3) the convenience of the witnesses, *Id.* and 4) the interest of justice. *Id.* The movant bears the burden of establishing that the transferee district is "clearly more convenient." *Id.* at 219-20.

In considering whether to transfer an action the court should "give some weight to the plaintiff's choice of forum." *Federal Deposit Ins. Corp.*, 592 F.2d at 368; *see also Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)(stating that "some weight must be given to [a plaintiff's] choice of forum"). A transfer pursuant to 28 U.S.C. § 1404(a) should not merely "shift the convenience from one party to another," and the choice of a forum by a plaintiff should not be "lightly . . . disturbed." *Warshawsky & Co v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1259 (7th Cir. 1977); *see also Heller Financial, Inc.*, 883 F.2d at 1294(expressing concern that a transfer would merely shift the inconvenience to the plaintiff). However, whenever the plaintiff and defendant are in different states, there will inevitably be an inconvenience to one side. *In re National Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). When the potential inconvenience to the plaintiff and defendant are comparable "the tie is awarded to the plaintiff . . . ." *Id.*;

*see also Heston v. Equifax Credit Info. Servs. LLC*, 2003 WL 22243986, at *1 (N.D. Ill. 2003)(stating that plaintiff's choice of forum is given less weight if the case has no "significant connection to the chosen forum . . . .").

In addressing the interest of justice factor a court may consider: 1) whether a transfer promotes the "efficient administration of justice," 2) whether the action could be consolidated with other actions in the transferee district, 3) whether the judges in the transferee district are more familiar with the pertinent state law, 4) whether jurors in a particular district have a "financial interest in [the] case," and 5) which district would have jurors that could "best apply community standards." *Coffey*, 796 F.2d at 220-21, 221 n.4. The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National Presto Indus., Inc.*, 347 F.3d at 665. In addressing the interest of justice factor the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of a plaintiff's claim. *Id.*

## DISCUSSION

In Filco's renewed motion to transfer, Filco has provided the court with new evidence relating to the pending Indiana action. Filco claims that based on the current status of the Indiana action, the instant action should be transferred in the "interest of justice" to the Southern District of Indiana. (Def.'s Mot. 7-8).

Initially, the court notes that venue in this action is proper in the Northern

5

District of Illinois, where some of the events at issue occurred, and that venue is also proper in the Southern District of Indiana, where Filco has filed the Indiana action which addresses similar insurance claims. The evidence submitted by Filco clearly indicates that the claims, parties, and issues litigated in the instant action are identical to those in the Indiana action. (Def.'s Mot. 2-4). Plaintiffs state that "identical issues" are currently being litigated in the instant action and the Indiana action, but argue that the instant action has not "progressed" further than the Indiana action. (Pl.'s Resp. 6). However, based on the evidence submitted by Filco, it is obvious that the Indiana action has advanced much closer to a final resolution than the instant action. For example, while the instant action has not even been set for trial due to the various procedural motions filed by the parties over the past six months, the parties in the Indiana action have already begun exchanging Rule 26(a) disclosures as well as preliminary witness lists for trial. (Def.'s Ex. 11, 12). In addition, the court in the Indiana action has already scheduled a pretrial motion filing deadline date, a pretrial conference date, and a trial date. (Def's Ex. 9, 10). The newly submitted evidence also reveals that the Indiana action has a mediation set for June 28, 2005, which according to Filco, might resolve all claims in both the instant action and the Indiana action. (Def.'s Ex. 8). Plaintiffs claim that the Indiana action has not progressed further than the instant action and note that Plaintiffs have filed a motion for summary judgment in the instant action. However, Plaintiffs' argument is without merit since we immediately denied Plaintiffs' motion for summary judgment without prejudice since it was filed prematurely. Plaintiffs

argue that Illinois is the proper forum for the convenience of the parties and witnesses. However, according to Plaintiffs' preliminary witness list in the Indiana action, Plaintiffs have indicated that they may call individuals from Illinois as witnesses in the Indiana action, including "[r]epresentatives from the Illinois Environmental Agency." (Def.'s Reply Ex. 2).

We have considered Plaintiffs' argument that its choice of forum is Illinois and also that certain witnesses to the instant action may reside in Illinois and that accordingly Illinois may be a more convenient forum. However, we find that at this juncture, the "interest of justice" factor of 28 U.S.C. § 1404(a) weighs heavily in favor of Filco. 28 U.S.C. § 1404(a). Based on the current status of the Indiana action, a transfer of the instant action to the Southern District of Indiana, would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. Therefore, pursuant to 28 U.S.C. § 1404(a), the court transfers the instant action to the United States District Court for the Southern District of Indiana for purposes of consolidation with the Indiana action.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to transfer.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 31, 2005